Case 1:20-cv-11705-LTS   Document 1   Filed 09/14/20   Page 1 of 3

FILED IN CLERKS OFFICE
2020 SEP 14 AM 12:24
U.S. DISTRICT COURT
DISTRICT OF MASS.

Plaintiff
Joshua Pelton Sr.
vs.
Massachusettes Department of Corrections, &
Commonwealth of Massachusettes Attorney General
Defendant

## Complaint

① I Joshua Pelton Sr., D.O.B. 08-28-1985 am filing this complaint in regards to the Civil Suit filed by Robert Fredrickson III Docket # 1-19-CV-12550 Plaintiffs Scalafani, Feinstein, Coppola against the Massachusettes Department of Corrections. This complaint is directed towards the lack of medical treatment that I've been recieving at MCI Shirley. A similar lawsuit was filed on 12-19-2019 I've previously stated the docket # and Plaintiffs involved in the suit. Immediately following this lawsuit the three plaintiffs were immediately placed on the Medically Assisted Treatment Program.

## Parties:

② Joshua Pelton Sr. A prisoner at MCI Shirley P.O. Box 1218, Shirley, M.A. 01464

③ The Massachusettes Department of Corrections, Attorney General, McCormack Building, One Ashburton Place, Boston, M.A. 02108

④ The Commonwealth of Massachusettes is a sovereign state of the United States.

## Facts:

⑤ I was on the suboxone in Franklin County House of Corrections in Greenfield, M.A. from 1-20-18 until 9-18-18 when I was taken to MCI Cedar Junction (Walpole)

⑥ Upon arrival to MCI Cedar Junction I was immediately taken off of my medication.

7) I have filed numerous medical slips, grievances, and appeals to get my meds back, and feel I have exhausted all options.

8) The D.O.C. is stating that they will allow the program to only inmates with 120 days or less to release.

9) The D.O.C. picks and chooses who they will allow on the program, and disregards inmates who really need treatment.

10) Plaintiff feels that the D.O.C. is putting his life in immediate danger, as plaintiff is in fear of relapse and possible overdose.

11) Plaintiff has opiate use disorder (O.U.D.) which is recognized by the state of Massachusettes as a Mental Health Disorder.

12) Opiate overdoses are a Nation wide epidemic throughout prisons. It needs to be taken seriously and treated equally to any other Mental Health Disorder.

13) The D.O.C. does not wait until 120 days until release or a positive parole vote to treat, (P.T.S.D., Anxiety, Depression, and Bi-Polar Disorder) or all other mental health diagnoses.

14) Plaintiff has a very long history of opiate dependency, and has for many years, in and outside of prison.

15) On 1-19-18 Plaintiff was arrested for an armed robbery, in which he committed to obtain opiates.

16) To avoid opiate dependency and a possible overdose plaintiff has had to purchase suboxone from other inmates. This has caused plaintiff to compile numerous dirty urines, which have cost plaintiff his visits and also canteen.

17) The D.O.C. is equipt to treat (O.U.D.) yet they keep denying inmates who need to be treated.

18) In regards to the lawsuit already filed and granted (case #1-19-CV-12550) There was many issues addressed and cited, as in Civil Rights

violations. Challenging the life threatening discriminatory denial of adequate medical care. The D.O.C. is legally obligated to meet medical needs to those in their custody.

### Requested Relief

Plaintiff is asking that this honorable Court request emergency and permanent relief to require the Defendants (D.O.C.) to provide the plaintiff with adequate medical care for his opiate use disorder (o.u.d.) This will help plaintiff from suffering withdrawals and possible relapse on opiates. That could ultimately lead to plaintiffs death. As it has done to many other inmates/addicts who didn't get treatment. Please require that the D.O.C. put plaintiff on the Medically Assisted Treatment Program (M.A.T)

Respectfully Submitted

Joshua Pelton Sr. W111818 pro-sé

September 7th, 2020